**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TAMIEKA BUTLER,**

                **Plaintiff,**

  **-against-**                                       **6:15-CV-394**

**ROME CENTER, LLC., d/b/a CENTER FOR**
**REHABILITATION and HEALTHCARE,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I.  INTRODUCTION**

    Before the Court is Plaintiff's motion for Default Judgment pursuant to FED. R. CIV. P. 55, seeking a judgment against Defendant ROME CENTER, LLC., d/b/a CENTER FOR REHABILITATION and HEALTHCARE on all claims asserted in the Amended Complaint.  For the reasons that follow, Plaintiff's motion is granted as to liability, reserved as to damages, and denied with leave to renew as to costs and attorneys' fees.

**II.  DISCUSSION**

    The following facts are supported by the entries on the docket, the allegations contained in the Complaint, the allegations contained in the Amended Complaint, and the assertions made in

1

Plaintiff's counsel's affirmation in support of the motion for default judgment. These facts are deemed established for purposes of this motion.

Plaintiff filed the Complaint in this matter on April 2, 2015. See Docket # 1. The action, as initially commenced, sought redress for violations of rights guaranteed to Plaintiff by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216, et seq., and the New York State Labor Law ("NYLL")§650 et seq., to recover compensation owed, but never paid, to Plaintiff by the Defendant. Defendant was duly served with the Summons and Complaint on April 24, 2015, as set forth in the Affidavit of Service. See Docket #4. Defendant did not answer or otherwise respond with respect to the Complaint, and the time for Defendant to do so was not extended.

On May 6, 2015, the New York State Division of Human Rights issued a Determination after Investigation finding that probable cause exists to believe that the Defendant engaged in or is engaging in unlawful discrimination against the Plaintiff on the bases of disability and her sex. At the request of the Plaintiff, the SDHR dismissed her complaint on the basis of administrative convenience pursuant to New York State Executive Law §297(9) with an order dated May 19, 2015, thereby granting Plaintiff the right to pursue her Human Rights Law remedies in this Court. The EEOC issued the Plaintiff a notice of right to sue concerning the allegations

2

against the Defendant on June 3, 2015.

On June 16, 2015, Plaintiff filed an Amended Complaint to add causes of action for discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §12102, et seq., ("ADA"), and the New York State Executive Law, §290, et seq. ("Human Rights Law") against the Defendant. See Docket # 5. Defendant was duly served with the Summons and Amended Complaint on June 24, 2015, as set forth in the Affidavit of Service. See Docket # 7. In accord with Rule 12 of the Federal Rules of Civil Procedure, Defendant's response was due on or before July 15, 2015. Defendant has failed to plead, respond, appear, or otherwise defend, thus placing the Defendant in default. The Defendant's default has been noted by the Clerk of the Court. See Docket # 9.

Defendant is not a person whose failure to appear could be excused by serving on active duty with any branch of the military of the United States of America, and, as a corporate entity, is not an infant or incompetent.

A party's default is deemed a concession of all well-pleaded allegations of liability. See Greyhound Exhibitgroup Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 113 S. Ct. 1049 (1993). Thus, Plaintiff is entitled to a default judgment as to liability on each of the claims asserted in the Amended Complaint.

However, a party's default is not an admission of damages. See

Id. "[D]amages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the Plaintiff in an evidentiary proceeding in which the Defendant has the opportunity to contest the amount." Id.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a default judgment [doc. #10] is **GRANTED AS TO LIABILITY** on each of the claims asserted in the Amended Complaint as against Defendant ROME CENTER, LLC., d/b/a CENTER FOR REHABILITATION and HEALTHCARE.

The Court **RESERVES** decision on that portion of Plaintiff's motion for default judgment [doc. #10] that seeks damages. The Court directs the Clerk of the Court, in consultation with Plaintiff's counsel, to schedule a hearing for the purpose of determining these damages.

In anticipation of this hearing, Plaintiff's counsel is directed to file, thirty (30) days in advance of the hearing, any competent evidence that may enable the Court to determine, with reasonable certainty, the amount due by Defendant for damages on some or all of the claims. If the additional information is sufficient and unopposed, the Court may decide these amount of damages on the basis of the written submissions alone. If the evidence is opposed and/or insufficient, the Court will proceed with the hearing to determine these damages.

That portion of Plaintiff's motion seeking costs and attorneys'

fees is **DENIED WITH LEAVE TO RENEW**.  Applications for costs and attorneys' fees can be made following the hearing in accordance with the normal protocol for these recoveries.

Plaintiff is directed to serve a copy of this Decision & Order, and any further information in support of damages, upon Defendant ROME CENTER, LLC., d/b/a CENTER FOR REHABILITATION and HEALTHCARE, or its counsel, in accordance with the Local Rules of Practice as if Defendant had appeared in the action, and shall file proofs of such service with the Court.  If Defendant intends to oppose Plaintiff's written submissions supporting damages, such opposition must be filed fourteen (14) business days in advance of the hearing date.
**IT IS SO ORDERED.**
Dated:October 8, 2015

_____
Thomas J. McAvoy
Senior, U.S. District Judge